NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCUS LINTHECOME,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>Sheriff ROBERT LUNA; Sgt. Ms.<br>PEMENTELLE; Dep. Ms. CHAVARRIA;<br>Dep. Mr. ARREOLA; Dep. Mr.<br>AREVALO; Dep. Mr. GONZALEZ; Dep.<br>Mr. LOPEZ; Dep. Mr. ALANI; Dep. Ms.<br>GARCIA; Dep. 1-50 Does; Clinician's<br>Supervisor 1-5 Does; Jail Liaison 1-20<br>Does; Does Inmates 1-50; Clinician Ms.<br>VALENCIA; Clinician Ms. BERMUTES;<br>Mr. CORBERDERO; Sr. CHAVARRIA;<br>Sgt. SNEED; Dep. Mr. LUNA; Sgt.<br>HAYLEY; Mr. SANDOVA; Mr. SMITH, at<br>TTCF; Sgt. VALENCIA,<br><br>Defendants - Appellees. | No. 25-4737<br><br>D.C. No. 2:24-cv-10390-JGB-PD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted February 18, 2026[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

Marcus Linthecome appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various federal and state law violations while he was housed at Twin Towers Correctional Facility. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (compliance with Federal Rule of Civil Procedure 8). We affirm.

The district court properly dismissed Linthecome's action because, despite an opportunity to amend, Linthecome's operative complaint failed to comply with Rule 8. *See* Fed. R. Civ. P. 8(a)(2) (a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (a complaint does not comply with Rule 8 if "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

Contrary to plaintiff's contentions, the district court was not required to direct the U.S. Marshal to serve defendants because the operative complaint was dismissed at the screening stage. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring a district court to dismiss an in forma pauperis action at any time if the court determines that the action fails to state a claim on which relief may be granted).

Linthecome's challenge to the district court's denial of his motions for temporary restraining orders is moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when underlying claims have been decided, the reversal of a denial of preliminary injunctive relief would have no practical consequences, and the issue is therefore moot).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**